UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lee Garner,  )  | C/A No**.**   3:08-3913-TLW-JRM |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | |
| ) | |
| U.S. District Court of S.C., District Columbia;  ) | |
| U.S. District Court of Northern Georgia;  ) | Report and Recommendation |
| U.S. Court of Appeals for 4th Circuit,  ) | |
| ) | |
| Defendants.  ) | |

The Plaintiff, David Lee Garner (Plaintiff), proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff is a detainee at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names three federal courts as Defendants.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff claims that the federal court Defendants are denying him "proper forms," "legal copies" and "proper access" to the courts. (Plaintiff's complaint, statement of claim, page 4 of 5). Plaintiff is apparently unhappy with the outcome of his federal cases/appeals and alleges that the named courts are in a criminal conspiracy to sabotage Plaintiff's cases.[2] Plaintiff claims he has submitted requests to the Defendants seeking permission to "file criminal offenses," which have been denied.

Plaintiff failed to submit the required financial and service documents with the instant complaint. Plaintiff further failed to provide any information in the "relief" section of the complaint. (Docket Entry No. 1). Therefore, on December 11, 2008, an Order was filed giving Plaintiff an opportunity to bring this case into proper form by: (1) providing the required financial and service documents; and (2) completing the "relief" section of the complaint. (Docket Entry No. 5). On December 24, 2008, Plaintiff fled a notice with the Court that his address had changed. (Docket Entry No. 7). Plaintiff failed to submit the documents requested in the December 11, 2008, Order within the time period allowed by the Court. However, as Plaintiff's address had changed shortly after that Order was issued, a second Order, directing Plaintiff to bring this case into proper form, was filed on January 22, 2009. (Docket Entry No. 9). Plaintiff partially complied with the

---

[2] Plaintiff provides the docket numbers for two federal lawsuits he has filed in the "U.S.D.C. of Northern Georgia, 1:07-cv-2386-WSD and 1:07-cv-2258-WSD," which he claims involve the same facts as the instant complaint. Plaintiff also lists two previous lawsuits filed in this Court, which he claims have been sabotaged: "3:07-3654-TLW-JRM and 3:07-3653-TLW-JRM."

January 22, 2009, Order by submitting the required financial documents. (Docket Entry No.'s 11, 12). However, the Court has not received a completed relief section or any service documents from the Plaintiff.

## Discussion

Plaintiff is bringing suit against three federal courts. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.)

As indicated above, the Plaintiff names three federal courts, the United States District Court of South Carolina, the United States District Court of Northern Georgia, and the United States Court of Appeals for the Fourth Circuit, as Defendants in the caption of the instant complaint.[3] However,

---

[3] Section III (B) of Plaintiff's complaint includes the names of several other courts: "S.C. Supreme Court; U.S.D.C. District of Boston MA.; U.S. Court of Appeals 1st Circuit; U.S. Court of Appeals 11th Circuit." However, as Plaintiff failed to name these courts as defendants in the caption

4

under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998)(federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995)("*Bivens*- type claims cannot be brought against federal agencies"); *Edwards v. Fifth Circuit Court of Appeals*, No. 3:02-CV-0976-D, 2003 WL 21500434 at *3 (N.D. Tex. April 23, 2003)("Plaintiff can obtain no relief under *Bivens* against a federal court"). As the named Defendants are protected by sovereign immunity, this Court lacks jurisdiction to entertain the instant action. Therefore, Plaintiff's case is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

March 2 , 2009
Columbia, South Carolina

---

of the complaint and failed to provide service documents for any of these entities, they have not been docketed as defendants in this action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).